ATTORNEY DISCIPLINARY PROCEEDINGS
|,PER CURIAM. *
This attorney disciplinary proceeding arises from one count of formal charges instituted by the Office of Disciplinary Counsel (“ODC”) against respondent, Charles J. Pisano.[1]
UNDERLYING FACTS
In 1978, following the death of her husband, Mrs. Reta Reed entrusted substantially all of her cash assets to respondent for management on her behalf. Thereafter, respondent converted over $400,000 of these funds for his own use.
In February, 1988, respondent gave Mrs. Reed a promissory note in the amount of $407,777.45, representing the amount of funds he converted. Respondent made occasional interest payments on this note until 1990. He made very few, if any, payments after that date, and the debt was never satisfied.
Subsequently, Mrs. Reed filed a civil lawsuit seeking recovery of her funds. On February 2, 1995, the district court rendered judgment in her favor for the amount of the promissory note, together with legal interest. The district court made a specific finding of fact that respondent had breached his fiduciary duties as Mrs. Reed’s attorney in administering her financial affairs.
The record indicates that respondent has since left the State of Louisiana and his whereabouts are unknown.
DISCIPLINARY PROCEEDINGS
After investigation, the ODC instituted formal charges against respondent, alleging | j>he violated Rule 8.4(c) of the Rules of Professional Conduct.[2] Respondent failed to file an answer,[3] and the matter was *256 submitted to the hearing committee on documentary evidence, including various portions of the record of the civil action instituted by Mrs. Reed against respondent, as well as the deposition testimony of respondent’s son.

Hearing Committee Recommendation

The hearing committee found respondent violated Rule 8.4(c) of the Rules of Professional Conduct, as charged, through his conversion of Mrs. Reed’s funds for his own purposes and his failure to provide restitution. It concluded respondent acted intentionally, and caused actual harm. It determined the baseline sanction for such conduct was disbarment.
The committee recognized the presence of several aggravating factors,[4] but found no mitigating factors. Based on these findings! the committee recommended respondent be disbarred from the practice of law.

Disciplinary Board Recommendation

The disciplinary board concurred in the findings and recommendation of the hearing committee. Relying on the aggravating factors cited by the committee, the disciplinary board recommended respondent be disbarred from the practice of law.
Neither respondent nor the ODC filed an objection in this court to the recommendation of the disciplinary board.
DISCUSSION
IsThe record supports the findings of fact made by the hearing committee. The evidence in the record, including the earlier civil judgment, demonstrates respondent knowingly and intentionally converted a significant amount of money from his client, and failed to make any meaningful attempt at restitution. Under the guidelines set forth in Louisiana State Bar Ass’n v. Hinrichs, 486 So.2d 116 (La.1986),[5] disbarment is the appropriate sanction.
DECREE
Upon review of the findings and recommendation of the hearing committee and disciplinary board, and the record submitted in this matter, it is the judgment of this court that the recommendation of the disciplinary board be adopted. Accordingly, it is ordered that the name of Charles J. Pisano be stricken from the rolls of attorneys and that his license to practice law in the State of Louisiana be revoked. All costs and expenses of these proceedings are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1.

 Lemmon, J. not on panel. Rule IV, Part II, § 3.

. Since March 9, 1995, respondent has been on voluntary inactive status, having advised this court of his desire to discontinue the practice of law. See Supreme Court Rule XIX, § 8(G).

. Rule 8.4(c) provides:
It is professional misconduct for a lawyer to:
(C) Engage in conduct involving dishonesty, fraud, deceit or misrepresentation.

.Service was attempted on respondent at his last valid bar registration address by certified mail on three separate occasions. The envel *256 ope was returned unopened showing the notation "attempted — not known.”

. The committee recognized the following factors in aggravation: dishonest or selfish motive; bad faith obstruction of the disciplinary proceeding by intentionally failing to comply with the rules or orders of the disciplinary agency; refusal to acknowledge wrongful nature of conduct; vulnerability of victim; substantial experience in the practice of law; and indifference to making restitution.

. In Hinrichs, we outlined the factors supporting disbarment in a commingling and conversion case:
In a typical case of disbarment ..one or more of the following elements are usually present: the lawyer acts in bad faith and intends a result inconsistent with his client’s interest; the lawyer commits forgery or other fraudulent acts in connection with the violation; the magnitude of the damage or risk of damage, expense and inconvenience caused the client is great; the lawyer fails to make full restitution or does so tardily after extended pressure of disciplinary or legal proceedings, [cites omitted].